UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-258-FDW

| | |
|---|---|
| CONNELL D. HAWKINS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| ATHENA BROOKS, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

First, as for Plaintiff's in forma pauperis application, Plaintiff's inmate trust account shows that Plaintiff has a balance of $0.00. The Court will grant Plaintiff's application and allow Plaintiff to proceed in forma pauperis for the purpose of this initial review.

## I. BACKGROUND

Pro se Plaintiff Connell Hawkins, currently incarcerated at Tabor Correctional Institution, filed this action on October 1, 2014, pursuant to 42 U.S.C. § 1983. Plaintiff names as the sole Defendant Athena Brooks, a North Carolina state district court judge. In the Complaint, Plaintiff alleges that Judge Brooks

> signed off on a domestic violence order of protection that was filed against me which contained false allegations and false data. I never got to appear in court on the date that was set to state my behalf of the order. The order was filed on 9-13-12 to the Deputy CSC and signed by Judge Athena Brooks on 12-10-12. The dates given that was given on the protective order I was incarcerated in Transylvania County Jail . . . from 7-26-12 to 8-31-12.

1

(Doc. No. 1 at 3). As relief, Plaintiff seeks "$30,000 for the damages that was caused [sic] such as me losing my house, my car, and other valuable items." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

This action will be dismissed for failure to state a claim. It is well established law that judges are absolutely immune in a Section 1983 lawsuit for civil liability for actions which they performed in their judicial capacity. Bradley v. Fisher, 80 U.S. 335 (1871). This protection of

judicial immunity extends to situations where the allegations raise a question of whether the judicial officer erred in exercising judicial authority.  See Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976) ("[T]he law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly.").  Here, Judge Brooks was no doubt acting in her judicial capacity when she allegedly issued the domestic violence order of protection at issue.  Thus, Judge Brooks is entitled to absolute judicial immunity.  Regardless of judicial immunity, a challenge to a state domestic violence protection order would be dismissed in any event because matters of domestic relations are traditionally within the province of the state courts.  Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006).

## IV. CONCLUSION

For the reasons stated herein, this action will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

Signed: October 31, 2014

Frank D. Whitney
Chief United States District Judge